IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-00034-FL

| | | |
|---|---|---|
| THOMAS EVERETTE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JESSE VANN WHITE, *in his individual and* | ) | |
| *official capacity*, WHITE'S WRECKING | ) | |
| SERVICE, INC., WILLIAM ANTHONY | ) | |
| BARNES, *in his individual and official capacity*, | ) | |
| PRINCEVILLE POLICE DEPARTMENT, | ) | |
| TOWN OF PRINCEVILLE, DIANA LEE | ) | |
| DRAUGHN, *in her individual capacity*, | ) | |
| DONYELL WEAVER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for frivolity review of Plaintiff's complaint [DE-1] pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff proceeds *pro se* and *in forma pauperis*. [DE-4]. For the reasons stated herein, Plaintiff's complaint survives frivolity review and will be allowed to proceed.

## I. BACKGROUND

Plaintiff Thomas Everette, Jr., an inmate in the custody of the State of North Carolina, filed this action *pro se* against Defendants Jesse Van White, White's Wrecking Service, Inc., William Anthony Barnes, Princeville Police Department, Town of Princeville, Diana Lee Draughn, and Donyell Weaver (collectively, the "Defendants"). [DE-1]. Plaintiff alleges the following facts in support of his complaint. On July 4, 2012, Plaintiff's vehicle, a 2003 BMW 745Li, which was being driven at the time by Brian Perry, was allegedly towed by order of the Tarboro Police Department after Perry failed to provide proof of insurance at a road block. Compl. [DE-1] § IV.1. Plaintiff's vehicle was towed and stored by White's Wrecking Service, and on September 26, 2012, Jesse Vann

White allegedly sold Plaintiff's vehicle, without authorization, for $3,800.00 to Officer William Anthony Barnes of the Princeville Police department. White allegedly failed to comply with the procedures of the Commissioner of the North Carolina Division of Motor Vehicles and the Clerk of Edgecombe County when making the sale. *Id.* Barnes allegedly submitted a forged title application to the Department of Motor Vehicles to obtain title and registration to the vehicle. *Id.* § IV.2. The title application was allegedly falsely notarized by Diana Lee Drauahn, who did not, in fact, witness Plaintiff's signature. *Id.* § IV.3. Deputy Sheriff Donyell Weaver and Barnes allegedly conspired to conceal the above alleged crime and Weaver failed to report the matter of which he allegedly had knowledge. *Id.* § IV.4. Plaintiff's vehicle was also allegedly damaged by Barnes or White putting sugar, oil, and water in the gas tank and engine. *Id.* § IV.2. Plaintiff contends he was deprived of the possession and use of his property in violation of the laws of North Carolina and the United States Constitution and seeks injunctive and equitable relief, compensatory damages in the amount of $75,000.00 from each Defendant, punitive damages in the amount of $150,000.00 from all Defendants, and costs. *Id.* § V.

## II. ANALYSIS

Notwithstanding that Plaintiff has been afforded the opportunity to proceed *in forma pauperis* in this case, the court must conduct a review pursuant to 28 U.S.C. § 1915(e)(2), which requires the court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See Cochran v. Morris*, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose

2

Case 4:14-cv-00034-FL   Document 5   Filed 04/01/14   Page 2 of 5

factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by *pro se* litigants are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This

3

court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

All parties here are alleged to reside in North Carolina; thus, the jurisdiction of this court would necessarily rest on a federal question. It appears Plaintiff attempts to assert a claim under 42 U.S.C. § 1983 for unspecified constitutional violations, as well as unspecified state law claims stemming from the allegedly unlawful deprivation of Plaintiff's property. Section 1983 provides for liability against state actors. 42 U.S.C. § 1983. However, private individuals may be deemed to have acted under color of state law when it can be sufficiently said that the state is responsible for that individual's actions. *See West v. Atkins*, 487 U.S. 42, 49 (1988) (recognizing that public employment is generally sufficient to render an individual a state actor, but that a private actor may also act under color of state law when they assume a relationship with the state such that the conduct of the private actor is fairly attributable to the state). Although some of the Defendants here are private entities or persons, Plaintiff has explicitly alleged that Barnes was acting under the color of state law, and the allegations, construed liberally and in the light most favorable to Plaintiff, may be read to assert that the other private Defendants were also acting under color of state law. Accordingly, dismissal of the complaint on frivolity review is not appropriate at this time.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's complaint survives frivolity review and the Clerk is directed to file the complaint and issue the summons and the United States Marshal shall serve a

4

Case 4:14-cv-00034-FL Document 5 Filed 04/01/14 Page 4 of 5

copy of the complaint, summons and this order upon the Defendants.

SO ORDERED, this the __1__ day of April 2014.

_____
Robert B. Jones, Jr.
United States Magistrate Judge