| | |
|---|---|
| THOMAS EVERETTE, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JESSE VANN WHITE, in his individual ) <br> and official capacity, WHITE'S WRECKING ) <br> SERVICE, INC., WILLIAM ANTHONY ) <br> BARNES, in his individual and official ) <br> capacity, PRINCEVILLE POLICE ) <br> DEPARTMENT, TOWN OF PRINCEVILLE, ) <br> DIANA LEE DRAUGHN, in her individual ) <br> capacity, DONYELL WEAVER, ) <br> ) <br> Defendants. ) <br> _____ ) | C.A. No.: 4:14-cv-34-FL |

### MEMORANDUM OF LAW IN SUPPORT OF JESSE VANN WHITE'S AND WHITES WRECKING SERVICE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT

Defendants, Jesse Vann White and White's Wrecking Service, incorrectly named as "White's Wrecking Service, Inc.," (hereinafter collectively "White"), by and through their undersigned attorneys, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Civil Rules 7.1 and 7.2, hereby submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff's Amended Complaint or Alternative Motion for a More Definite Statement, and state as follows:

### NATURE OF CASE

This is a *pro se* action against Defendants White, William Anthony Barnes, the Princeville Police Department, the Town of Princeville, Diana Lee Draughn, and Donyell

Weaver, alleging that Defendants deprived Plaintiff of the use of his property in violation of the laws of North Carolina and the United States Constitution. In his Amended Complaint dated April 29, 2014, as it pertains to Defendants Jesse Vann White and White's Wrecking Service, Plaintiff alleges that after White towed his vehicle at the behest of the Tarboro Police Department, and White allegedly failed to follow the proper notification procedures resulting in the allegedly unauthorized sale of his 2003 BMW automobile, VIN: WBAGN63493DR09415 (hereinafter "the Vehicle"). Although it is not entirely clear as to the exact claim(s) Plaintiff is attempting to assert against White, from the best undersigned counsel can discern from the Amended Complaint, it appears Plaintiff is seemingly attempting to allege that the allegedly unauthorized sale of the Vehicle was a violation of his constitutional rights thereby giving rise to a claim under 42 U.S.C. § 1983. In the event that Plaintiff did not intend to bring his claim under 42 U.S.C. § 1983, a more definite statement of Plaintiff's claim is necessary to enable White to reasonably prepare a response.

**ARGUMENT**

The Supreme Court has held that, "[t]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161, 112 S. Ct. 1827, 1830 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257, 98 S.Ct. 1042, 1047–1049 (1978)). Plaintiff's apparent attempt to frame White's actions as a violation of 42 U.S.C. § 1983 is contrary to this intent. Plaintiff has not alleged facts, that even when viewed in the light most favorable to Plaintiff, could establish that White's towing of the Vehicle deprived Plaintiff of his constitutional rights or that White was acting under the color of state law during the

months following the towing.  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

1. **PLAINTIFF HAS FAILED TO ALLEGE FACTS AND ELEMENTS NECESSARY TO STATE A CLAIM UNDER 42 U.S.C. § 1983 ARISING FROM WHITE'S TOWING OF HIS VEHICLE**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (explaining that on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).  Further, Plaintiff must plead enough facts "to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662 (2009), and it must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."  Twombly, 550 U.S. at 562 (emphasis in original).  Accordingly, the complaint must contain some non-speculative factual allegations to support each element of the plaintiff's claim.  Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true.").

In the instant case, Plaintiff seemingly claims that White violated Plaintiff's unspecified North Carolina and United States constitutional rights thereby allegedly giving rise to a claim under 42 U.S.C. § 1983.  That statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

> proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C.A. § 1983. To succeed in a claim under Section 1983, a plaintiff must prove, "(1) state action, (2) a deprivation of a Constitutional or other right conferred by a law of the United States, and (3) causation." Harding v. Kellam, 155 F.3d 559 (4th Cir. 1998). In other words, the defendant must have taken some action under the color of state law that caused the deprivation of Plaintiff's rights under the constitution or laws of the United States. See id.; Baldwin v. Appalachian Power Co., 556 F.2d 241, 242 (4th Cir. 1977) (citing Adickes v. S. H. Kress Co., 398 U.S. 144 (1970)). Accordingly, to survive the present motion for failure to state a claim, the Plaintiff's complaint must allege facts to support that White acted under the color of state law when it took the actions that allegedly deprived Plaintiff of his constitutional rights.

In his Amended Complaint, Plaintiff alleges that White towed the Vehicle, "by order of [the] Tarboro Police Department." (D.E. 24 at 3). Taken as true, this allegation admittedly arguably claims that White was acting under the color of state law at the time it towed the Vehicle because it asserts that the action was done at the direction of the state. See Huemmer v. Mayor & City Council of Ocean City, 632 F.2d 371, 372 (4th Cir. 1980) (noting that a tow truck operator who towed a vehicle at the direction of the police was acting under color of state law when he towed the vehicle); Watters v. Parrish, 402 F. Supp. 696, 700-01 (W.D. Va. 1975); Goichman v. Rheuban Motors, 682 F.2d 1320, 1322 (9th Cir.1982) (citing Stypmann v. City and County of San Francisco, 557 F.2d 1338 (9th Cir.1977) (explaining that, "a private towing company 'acting at the behest of a police officer and pursuant to a statutory scheme designed solely to accomplish the state's purpose of enforcing its traffic laws acts under color of state law

for the purposes of Section 1983")). This alleged action under the color of state law arguably constitutes one of the mandatory elements of a claim under 42 U.S.C. § 1983.

However, Plaintiff fails to assert that this alleged action under the color of state law deprived him of his rights under the Constitution or laws of the United States. The allegations in the Amended Complaint do not take any issue at all with the towing of the Vehicle itself. Thus, with regard to the towing of the Vehicle, Plaintiff has failed to allege the requisite second and third elements for a claim under 42 U.S.C. § 1983, which are that he suffered a deprivation of his rights and that said deprivation was caused by the towing of the Vehicle. Accordingly, the towing of the Vehicle, as plead, does not give rise to a valid claim under 42 U.S.C. § 1983.

Further, the fact that the initial towing is alleged to have occurred under the color of state law is not sufficient to lend the color of state law to all of White's subsequent actions. In analyzing similar situations, federal courts, including the Fourth Circuit Court of Appeals, have evaluated the act of towing separately from subsequent acts, and have examined which specific act was alleged to have caused the constitutional deprivation. See Huemmer, 632 F.2d at 372; Watters, 402 F. Supp. at 700-01 ("Consequently, even though Aylor and Jones may have acted 'under color of state law' in towing the cars, because the towing by itself was not the constitutional deprivation, they would incur no liability under section 1983 unless plaintiffs could prove that they conspired with the state police to remove plaintiff's cars without affording plaintiffs an opportunity to challenge the taking."). Accordingly, White's actions after the towing should be examined separately from the towing itself in order to determine whether they were under the color of state law and whether they caused the alleged constitutional deprivation.

2.  **PLAINTIFF HAS FAILED TO ALLEGE FACTS AND ELEMENTS NECESSARY TO STATE A CLAIM UNDER 42 U.S.C. § 1983 ARISING FROM WHITE'S ACTIONS DURING THE MONTHS FOLLOWING THE TOW**

Plaintiff alleges that his rights were deprived by actions that took place "[a]fter the 'BMW' was towed to Storage at Whites Wrecking Service and was in possession [of] White." (D.E. 24 at 3). Specifically, Plaintiff alleges that White, "made no attempt to try to notify the owner of the vehicle" that the vehicle had been towed; "fail[ed] to file notice of storage with [the] DMV for the 'BMW' within the 5 day statutory time period;" sold the BMW, "without [Plaintiff's] authorization;" and failed to "follow[] the required complete procedure set fouth [sic] by the Commissioner of [t]he North Carolina Division of Motor Vehicles and [t]he Clerk of Edgecombe County Superior Court for authorization of sale of all towed motor vehicles . . . ." (D.E. 24 at 3). Although Plaintiff alleges that these actions deprived him of unspecified constitutional rights, thereby arguably satisfying one of the elements of a valid claim under 42 U.S.C. 1983, he fails to allege that these actions were taken under the color of state of law.

As plead, White's actions in the months following the towing of the Vehicle fail to meet any of the established definitions/tests needed to prove actions under color of state law. The Amended Complaint does not allege facts suggesting that in taking these subsequent actions White, "acted together with or . . . obtained significant aid from state officials or engaged in conduct otherwise chargeable to the State." Wyatt v. Cole, 504 U.S. 158, 161-62 (1992). Further, the Amended Complaint does not allege that in performing the subsequent actions White was performing a function/authority typically reserved for the state (the "Public Function Test"). See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 939 (1982) (citing Terry v. Adams, 345 U.S. 461 (1953)); Holly v. Scott, 434 F.3d 287, 292–94 (4th Cir. 2006); Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir. 1992). The Amended Complaint similarly fails to allege that the state encouraged or coerced White to take these subsequent actions (the "State Compulsion Test"). See Adickes v. S. H. Kress & Co., 398 U.S. at 170; Amer. Postal Workers Union, Local 96 v.

City of Memphis, 361 F.3d 898, 905 (6th Cir. 2004). Finally, the Amended Complaint does not allege that White and the state had such a close relationship as to deem White's subsequent actions state actions ("the Nexus Test"). See Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974). Thus, given that Plaintiff's allegations against White regarding post-tow actions do not meet any of the above recognized tests, Plaintiff fails to allege that the actions which allegedly deprived him of unspecified constitutional rights were performed under the color of state law.

To the contrary, Plaintiff's allegations actually suggest/prove that White was *not* a state actor during the subject post-tow period. White's alleged failures to provide the required notices regarding the storage and sale of the Vehicle all occurred after police involvement with the Vehicle terminated and during a period of months when Mr. White was exercising independent control over the Vehicle and was seeking to enforce his storage lien pursuant to North Carolina law. Thus, White's actions subsequent to the towing were not done under the color of state law. See Bugoni v. Charles, No. 2:10-CV-01173, 2012 WL 6214301 (S.D. Ohio Dec. 13, 2012), aff'd No. 13-3046 (6th Cir. Oct. 30, 2013) ("A number of federal courts have held that towing companies and employees, when acting independent from the police or other state officials, are not state actors for the purposes of 42 U.S.C. § 1983.") (citing Beyer v. Vill. of Ashwaubenon, 444 F. App'x 99, 101 (7th Cir.2011) (holding that towing company owner did not act under the color of law when towing a car at a private owner's request)); Knight v. Sanders, 988 F.2d 120, 1993 WL 47239, at *3 (9th Cir. Feb.24, 1993) (unpublished table decision) (holding that because police were not responsible for the decision to tow the plaintiff's vehicle, the towing company was not acting under the color of law); Murphy v. Koster, No. 5:10 CV 2095, 2010 WL 5147215, at *3 (N.D. Ohio Dec.13, 2010) (holding that employee of a towing company was not a state actor for purposes of 42 U.S.C. § 1983)).

Additionally, the fact that White acted or attempted to act pursuant to a state statutory scheme regarding the storage and disposition of towed vehicles does not clothe White with the color of state law. To the contrary, if as Plaintiff alleges, White acted in violation of state law when it allegedly failed to provide required notices and to follow procedures, White was by definition not acting under color of state law. See Bugoni, 2012 WL 6214301 at *4 ("Nevertheless, 'private misuse of a state statute does not describe conduct that can be attributed to the State.'") (quoting Durante v. Fairlane Town Ctr., 201 F. App'x 338, 343 (6th Cir.2006) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 941 (1982)). See also Estades–Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 6 (1st Cir. 2005) (explaining that "a private party is not transformed into a state actor merely because the private party acted pursuant to a state statute"). Thus, Plaintiff's mention of the, "procedure set [forth] by the Commissioner of the North Carolina Division of Motor Vehicles and the Clerk of Edgecombe County Superior Court," is insufficient to convert White into a state actor. (D.E. 24 at 3). Accordingly, because White's actions that allegedly deprived Plaintiff of his constitutional rights were not done under color of state law, Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

If Plaintiff is attempting to assert a claim other than one under 42 U.S.C. § 1983, the Amended Complaint is "so vague or ambiguous that [White] cannot reasonably prepare a response." See Fed. R. Civ. P. 12(e). Accordingly, to the extent that Plaintiff is not attempting to assert a claim under 42 U.S.C. § 1983, the Court should require him to file a more definite statement specifying which of his rights under the Constitution and laws of the United States have been violated and how White allegedly violated those rights. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that

provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.").

## CONCLUSION

Taking the allegations in the Amended Complaint as true, they fail to allege material and necessary elements of a claim under 42 U.S.C. § 1983. Specifically they fail to allege that White's towing of the Vehicle deprived Plaintiff of his constitutional rights and that White's actions in the months following the towing were done under the color of state law. As a result, Plaintiff has failed to state a claim upon which relief can be granted. Under these circumstances, Plaintiff's claims against White should be dismissed pursuant Federal Rule of Civil Procedure 12(b)(6). In the alternative, and to the extent Plaintiff did not intend to bring a claim against White pursuant to 42 U.S.C. § 1983, the Court should order Plaintiff to provide a more definite statement of his pleading pursuant to Federal Rule of Civil Procedure 12(e).

Respectfully submitted this the 28th day of May 2014.

PHELPS DUNBAR LLP

*/s/* Kevin M. O'Brien
Kevin M. O'Brien
N.C. Bar No.: 43373
Nathan A. Huff
N.C. Bar No.: 40626
GlenLake One
4140 ParkLake Avenue
Suite 100
Raleigh, North Carolina 27612
Telephone: 919-789-5300
Telecopier: 919-789-5301
obrienk@phelps.com
nathan.huff@phelps.com
*Attorneys for Jesse Vann White and White's Wrecking Service*

# CERTIFICATE OF SERVICE

I certify that on May 28, 2014, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

    Matthew W. Buckmiller
    Shipman and Wright, LLP
    575 Military Cutoff Road, Suite 106
    Wilmington, NC 28405
    910-762-1990
    Fax: 910-762-6752
    Email: mbuckmiller@stubbsperdue.com

*Co-counsel for Jesse Van White and defendant known as "Whites Wrecking Service Inc."*

    Kari R. Johnson
    Cranfill Sumner & Hartzog, LLP
    P. O. Box 27808
    5420 Wade Park Blvd., Suite 300
    Raleigh, NC 27611-7808
    919-828-5100
    Fax: 828-2277
    Email: krj@cshlaw.com

*Attorney for William Anthony Barnes, Princeville Police Department, and Town of Princeville*

    Scott C. Hart
    Sumrell, Sugg, Carmichael, Hicks & Hart, P.A.
    P. O. Box 889
    416 Pollock St.
    New Bern, NC 28563
    (252)633-3131
    (252)633-3507 (fax)
    shart@nclawyers.com

*Attorney for Donyell Weaver*

I further certify that on May 28, 2014, I served the foregoing by depositing a copy thereof in the United State mail, postage pre-paid, to the following:

Thomas Everette, Jr.
0876887
Hyde Correctional Institution
P.O. Box 278
Swan Quarter, NC 27885
PRO SE

PHELPS DUNBAR LLP

*/s/* Kevin M. O'Brien
Kevin M. O'Brien
N.C. Bar No.: 43373
Nathan A. Huff
N.C. Bar No.: 40626
GlenLake One
4140 ParkLake Avenue
Suite 100
Raleigh, North Carolina 27612
Telephone: 919-789-5300
Telecopier: 919-789-5301
obrienk@phelps.com
nathan.huff@phelps.com
*Attorneys for Jesse Vann White and White's Wrecking Service*