IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS EVERETTE, JR., | ) | C.A. No.: 4:14-cv-34-FL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JESSE VANN WHITE, in his individual | ) | |
| and official capacity, WHITE'S WRECKING | ) | |
| SERVICE, INC., WILLIAM ANTHONY | ) | |
| BARNES, in his individual and official | ) | |
| capacity, PRINCEVILLE POLICE | ) | |
| DEPARTMENT, TOWN OF PRINCEVILLE, | ) | |
| DIANA LEE DRAUGHN, in her individual | ) | |
| capacity, DONYELL WEAVER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF JESSE VANN WHITE'S AND WHITE'S WRECKING SERVICE'S MOTION TO STRIKE PLAINTIFF'S "FIRST REQUEST FOR PRODUCTION OF DOCUMENTS" AND ALTERNATIVE MOTION FOR PROTECTIVE ORDER**

Defendants, Jesse Vann White and White's Wrecking Service, incorrectly named as "White's Wrecking Service, Inc.," (hereinafter collectively "White") by and through their undersigned attorneys, pursuant to Local Civil Rules 7.1 and 7.2, hereby submit this Memorandum of Law in support of their Motion to Strike Plaintiff's "First Request for Production of Documents," (D.E. 25) (hereinafter "Request for Production") and alternative Motion for Protective Order, and state as follows:

## NATURE OF CASE

This is a *pro se* action against Defendants White, William Anthony Barnes, the Princeville Police Department, the Town of Princeville, Diana Lee Draughn, and Donyell Weaver, alleging that Defendants deprived Plaintiff of the use of his property in violation of the laws of North Carolina and the United States Constitution

White has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), based upon the Plaintiff's failure to allege facts that would establish that White was acting under the color of state law when it took the actions that allegedly deprived Plaintiff of unspecified constitutional rights. (D.E. 43). White has also filed a Motion to Stay Entry of a Scheduling Order and Other Discovery until after the resolution of White's Motion to Dismiss. (D.E. 48).

On April 29, 2014 Plaintiff filed in the CM/ECF system a discovery request entitled, "Plaintiff's First Request for Production of Documents." (D.E. 25).

## ARGUMENT

**1.   White's Motion to Strike Plaintiff's Request for Production.**

Trial courts are given wide discretion to control the discovery process. Thigpen v. United States, 800 F.2d 393, 397 (4th Cir. 1986) (citing Land v. Dollar, 330 U.S. 731, 735 n. 4, (1947)). In exercising that discretion, this Court has the authority to strike a request for production. See Woody v. Bank of Am. Corp., 5:10-CV-86-D, 2010 WL 2942029 (E.D.N.C. July 20, 2010) (granting the defendant's motion to strike *pro se* plaintiff's request for production). The Court should utilize that authority in the instant case because in serving and filing his Request for Production, Plaintiff has failed to comply with the applicable federal and local discovery rules.

The parties to this case have not yet conducted an Initial Status Conference pursuant to the Court's "Practice Preferences and Procedures," nor a Discovery Conference pursuant to

Federal Rule of Civil Procedure 26(f), and the Court has not yet issued a Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b). Thus, initial disclosures are not yet due under Federal Rule of Civil Procedure 26(a)(1)(c). Further, Local Rule 26.1(b) requires that all discovery be conducted in accordance with a scheduling order entered pursuant to Federal Rule of Civil Procedure 16. Similarly, Federal Rule of Civil Procedure 26(d)(1) provides, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Thus, Plaintiff's Request for Production (D.E. 25) is premature and improper and should therefore be stricken.[1]

## 2. White's Alternative Motion for Protective Order Pursuant to FRCP 26(c)

Federal Rule of Civil Procedure 26(c)(1) allows a party from whom discovery is sought to request, and the Court to grant, an order specifying the terms, time, and place for the disclosure of discovery. Further, Federal Rule of Civil Procedure 26(d)(1) provides, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

By filing his Request for Production prior to the Rule 26(f) conference, Plaintiff's Request for Production is premature and violates Rule 26(d)(1) of the Federal Rules of Civil Procedure. See Hadiza I. Wada v. United States Secret Service, et al., 525 F. Supp. 2d 1 (D.C. 2007) (holding that the plaintiff's efforts to pursue discovery before the initial scheduling conference and before the issuance of a scheduling order were premature). Therefore, White has

---

[1] Of course, filing and not simply serving the request was improper because Local Civil Rule 26.1(a) provides that discovery materials, including requests for production, are not to be filed unless by order of the court.

no obligation to respond to Plaintiff's Request for Production. Loney v. STATE Collection Service, No. 7:13-CV-247-BR, 2014 WL 349480 (E.D.N.C. Jan. 31, 2014) (holding that the defendant had no obligation to respond to plaintiff's discovery request because the parties had not yet conducted a discovery conference pursuant to Federal Rule of Civil Procedure 26(f)). Accordingly, White moves in the alternative for a protective order staying any response to Plaintiff's Request for Production until after the parties have conferred as required by Rule 26(f).

Respectfully submitted this the 9th day of June 2014.

PHELPS DUNBAR LLP

*/s/* Nathan A. Huff
Kevin M. O'Brien
N.C. Bar No.: 43373
Nathan A. Huff
N.C. Bar No.: 40626
GlenLake One
4140 ParkLake Avenue
Suite 100
Raleigh, North Carolina 27612
Telephone: 919-789-5300
Telecopier: 919-789-5301
obrienk@phelps.com
nathan.huff@phelps.com
*Attorneys for Jesse Vann White and White's Wrecking Service*

# CERTIFICATE OF SERVICE

I certify that on June 9th, 2014, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

Matthew W. Buckmiller
Shipman and Wright, LLP
575 Military Cutoff Road, Suite 106
Wilmington, NC 28405
910-762-1990
Fax: 910-762-6752
Email: mbuckmiller@stubbsperdue.com

*Co-counsel for Jesse Van White and defendant known as "Whites Wrecking Service Inc."*

Kari R. Johnson
Cranfill Sumner & Hartzog, LLP
P. O. Box 27808
5420 Wade Park Blvd., Suite 300
Raleigh, NC 27611-7808
919-828-5100
Fax: 828-2277
Email: krj@cshlaw.com

*Attorney for William Anthony Barnes, Princeville Police Department, and Town of Princeville*

Scott C. Hart
Sumrell, Sugg, Carmichael, Hicks & Hart, P.A.
P. O. Box 889
416 Pollock St.
New Bern, NC 28563
(252)633-3131
(252)633-3507 (fax)
shart@nclawyers.com

*Attorney for Donyell Weaver*

I further certify that on June 9th, 2014, I served the foregoing by depositing a copy thereof in the United State mail, postage pre-paid, to the following:

Thomas Everette, Jr.
0876887
Hyde Correctional Institution
P.O. Box 278
Swan Quarter, NC 27885
PRO SE

                        PHELPS DUNBAR LLP

                        */s/* Nathan A. Huff
                        Kevin M. O'Brien
                        N.C. Bar No.: 43373
                        Nathan A. Huff
                        N.C. Bar No.: 40626
                        GlenLake One
                        4140 ParkLake Avenue
                        Suite 100
                        Raleigh, North Carolina 27612
                        Telephone: 919-789-5300
                        Telecopier: 919-789-5301
                        obrienk@phelps.com
                        nathan.huff@phelps.com
                        *Attorneys for Jesse Vann White and White's Wrecking Service*