UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Civil Action No.: 4:14-CV-00034-FL

| | |
|---|---|
| THOMAS EVERETTE, JR., ) | |
| ) | |
| Plaintiff; ) | |
| ) | |
| v. ) | **MEMORANDUM OF LAW IN SUPPORT** |
| ) | **OF MOTION OF DEFENDANTS** |
| JESSE VANN WHITE, in his individual ) | **PRINCEVILLE POLICE DEPARTMENT,** |
| and official capacity, WHITE'S ) | **TOWN OF PRINCEVILLE AND WILLIAM** |
| WRECKING SERVICE, INC., ) | **ANTHONY BARNES IN HIS OFFICIAL** |
| WILLIAM ANTHONY BARNES, in his ) | **CAPACITY TO DISMISS COMPLAINT** |
| individual and official capacity, ) | |
| PRINCEVILLE POLICE ) | |
| DEPARTMENT, TOWN OF ) | **Fed. R. Civ. Pro. 12(b)(6)** |
| PRINCEVILLE, DIANA LEE ) | |
| DRAUGHN, in her individual capacity, ) | |
| DONYELL WEAVER, ) | |
| ) | |
| Defendants. ) | |

**NATURE OF MATTER BEFORE THE COURT**

The defendants designated in the Complaint as Princeville Police Department, Town of Princeville, and William Anthony Barnes in his <u>official</u> capacity (hereinafter "defendants") move that plaintiff's Amended Complaint [DE 24], and all claims asserted therein against these answering defendants, be dismissed pursuant to Rule 12(b)(6) and 12(b)(2) of the Federal Rules of Civil. As is discussed in detail below, plaintiff's Complaint fails to state any valid claims against these answering defendants.

**STATEMENT OF THE CASE**

On or about 4 March 2014, plaintiff filed the instant *pro se* case wherein he named numerous individuals and entities as defendants including the Town of Princeville, the Princeville Police Department, and William Anthony Barnes. [DE 1]. William Anthony Barnes,

who was a police officer with the Town of Princeville at the time of the alleged events referred to in the Complaint, is sued herein in his individual and official capacity.[1]  [DE 1].

On 1 April 2014, United States Magistrate Judge Robert B. Jones, Jr. entered an Order (after a frivolity review) allowing plaintiff's claims against the defendants to proceed.  [DE 5].  In his Order, Judge Jones ruled that plaintiff, in his Complaint, attempted to assert a claim against the defendants pursuant to 42 U.S.C. § 1983 for "unspecified constitutional violations".  [DE 5].

Subsequent to Judge Jones' Order, the answering defendants named herein were served with the Complaint and obtained an extension to respond to and answer the Complaint.  [DE 16].  Before defendants filed a response, plaintiff filed an Amended Complaint on 29 April 2014.  [DE 24].  On 8 May 2014, these answering defendants obtained an extension of time to respond to plaintiff's Amended Complaint.  [DE 30].

On 18 June 2014, these defendants filed an Answer to the Complaint wherein defendants denied all allegations of wrongdoing and asserted numerous defenses and immunities.  At this time, for the reasons set forth below, defendants request that plaintiff's Complaint, and all claims asserted against them therein, be dismissed.

**STATEMENT OF THE FACTS ASSERTED IN THE AMENDED COMPLAINT**

Regarding these answering defendants, plaintiff asserts as follows:  Plaintiff, who is currently incarcerated in Hyde County Correctional Institution, asserts that on July 4, 2012, Jesse Vann White and White Wrecking Service towed a vehicle allegedly owned by plaintiff which was being driven, at said time, by another individual.  [DE 24].  Plaintiff asserts that the vehicle

---

[1] Defense counsel herein represents William Anthony Barnes in his official capacity only.  Defense counsel has not appeared on behalf of William Anthony Barnes in his individual capacity.

was towed "by order of Tarboro Police Department" because the driver did not have proof of insurance. [DE 24]. Plaintiff asserts that Jesse White, thereafter, allegedly illegally sold the vehicle to William Anthony Barnes who plaintiff asserts was a police officer with the Town of Princeville at said time. [DE 24]. Plaintiff asserts that William Anthony Barnes, thereafter, "with the intent to cheat and defraud" falsified various documents to have the vehicle re-titled "to himself". [DE 24]. Plaintiff asserts that William Anthony Barnes conspired with Diana Lee Draughn, a notary, who agreed to notarize the alleged falsified documents at the request of William Antony Barnes so as to allow William Anthony Barnes to deprive plaintiff of the ownership and use of his alleged vehicle. [DE 24].

## ARGUMENT

**I. The claims against the "Princeville Police Department" should be dismissed on the grounds that a police department is not a separately existing entity.**

Courts have repeatedly ruled that police departments are not separately existing legal entities capable of and entitled to be sued. In Coleman v. Cooper, 89 N.C. App. 188, 192, 366 S.E.2d 2, 5 (1988), the Court ruled that police departments do not have the capacity to sue or be sued. See also Waller v. Butkovich, 584 F. Supp. 909, 925 (N.C.M.D. 1984), (Court ruled that the "Greensboro Police Department" was not an independent legal entity capable of being sued. See also Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989), (Court ruled that the "Pembroke County Jail" was not a "person" as defined by Section 42 U.S.C. § 1983, and therefore could not be held liable for constitutional violations). Based on this authority, all claims against the defendant designated in the Complaint as the "Princeville Police Department" should be dismissed pursuant to Rule 12(4), (5), and (6) of the Federal Rules of Civil Procedure.

## II. Plaintiff's Complaint fails to assert sufficient facts to state a valid constitutional claim against these answering defendants.

Plaintiff's Complaint fails to assert a valid constitutional claim against these answering defendants. As to these defendants, plaintiff's Complaint contains no allegations or facts, specific or otherwise, indicating that the alleged wrongful conduct of William Anthony Barnes (or any other defendant with any alleged but denied relationship to the Town of Princeville) was acting at any relevant time as a state actor under color of state law.

In order to prevail in a claim pursuant to Section 1983, it is incumbent on plaintiff to establish that the alleged state actors involved in the alleged wrongful conduct acted, at the relevant times, under color of state law. Purely private conduct, even though allegedly illegal, is not sufficient to state a valid constitutional claim. In Givens v. O'Quinn, 447 F. Supp.2d 593, 597 (W.D. Va. 2006), the Court explains:

> In order to state a claim for relief under § 1983, the plaintiff must prove that the assault was perpetrated 'under color of" state law. 42 U.S.C.A. § 1983. It is well established that § 1983 is not implicated by 'merely private conduct, no matter how discriminatory or wrongful.' Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (internal quotation marks omitted). . . . When distinguishing private violence from violence attributable to state action, courts have explained that an actor's conduct will be attributed to the state when it "occurs in the course of performing an actual or apparent duty of his office, or . . . is such that the actor could not have behaved in that way but for the authority of his office." Martinez v. Colon, 54 F.3d 980, 986 (1st Cir. 1995); see West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) ('The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' (internal quotation marks omitted)). Thus, conduct will be deemed to be under color of state law when the 'actions complained of were committed while the defendants were purporting to act under the authority vested in them by the state, or were otherwise made

> possible because of the privileges of their employment.' <u>Hughes v. Halifax County Sch. Bd.</u>, 855 F.2d 183, 186-87 (4th Cir. 1988).

<u>Id.</u> at 597.

In <u>Roemer v. Security Bancshares, Inc.</u>, 976 F. Supp. 988 (D. Kan. 19997), the Court states further:

> Private misuse of state procedures or violations of state law does not amount to state action. <u>Cobb v. Saturn Land Co., Inc.</u>, 966 F.2d 1334, 1336 (10th Cir. 1992). State action requires joint participation with state officials in the violative acts. '[T]he private defendant must still "make use of state procedures with the overt, significant assistance of state officials" in order to 'involve state action "substantial enough to implicate the Due Process Clause." <u>Cobb</u>, 966 F.2d at 1337 (quoting <u>Connecticut v. Doehr</u>, 501 U.S. 1, 10, 111 S.Ct. 2105, 2112, 115 L.Ed.2d 1 (1991) (quoting in turn <u>Tulsa Professional Collection Services, Inc. v. Pope</u>, 485 U.S. 478, 486, 108 S.Ct. 1340, 1345, 99 L.Ed.2d 565 (1988)).

<u>Id.</u> at 991.

In this case, plaintiff's Complaint fails to allege sufficient facts to state a claim that William Anthony Barnes, or any other defendant with any relationship to the Town of Princeville or its police department, acted under color of state law. To the contrary, the facts which are alleged in plaintiff's Complaint establish that plaintiff cannot meet the "color of state law" requirement as to these answering defendants.

In his Amended Complaint, plaintiff asserts that the vehicle involved in this case was towed and stored pursuant to an order by the Tarboro Police Department (not the Princeville Police Department). [DE 24]. No allegations are set forth in the Complaint that Princeville or any Princeville officers or officials were involved in the initial stop, towing, and storage of the vehicle. Regarding the alleged falsification by William Anthony Barnes of documents to obtain title to the vehicle, no factual allegations are contained in the Complaint which set forth or form

the basis for any argument that defendant Barnes' actions were committed in the furtherance of his employment as an officer, because he was an officer, or on behalf of the Town or its Police Department.  Plaintiff specifically asserts in the Complaint that defendant Barnes' goal was to obtain title to the car for "himself".  [DE 24].

Plaintiff's allegation that defendant Barnes allegedly coerced a notary into notarizing the false documents is not sufficient to establish conduct taken under color of state law.  This allegation, even if true, does not meet the criteria noted above.  Private individuals use notaries every day.  The fact that defendant Barnes utilized the services of a notary does not render his alleged conduct action taken under color of state law.

At most, plaintiff's Complaint asserts private misuse of state procedures.  As set forth above, however, this is insufficient to state a valid constitutional claim and should not be sufficient to overcome defendants' Motion to Dismiss in this case.

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the legal sufficiency of the complaint."  Randall v. U.S., 30 F.3d 518, 522 (4th Cir. 1994), *cert. denied*, 514 U.S. 1107 (1995).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true 'to state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 1949-1950.  "Nor does a complaint suffice it if tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. at 1949 (quoting Twombley, 550 U.S. at 557).  While the court must accept all well-pleaded factual allegations as true and must construe the facts in the light most favorable to the plaintiff, a "pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"  Id.

(quoting Twombley, 550 U.S. at 555). In short, to satisfy the "facial plausibility" standard and survive a Rule 12(b)(6) motion, a plaintiff must do more than simply plead facts that hint at the "sheer possibility that a defendant has acted unlawfully." Id.

### III. Plaintiff's Complaint fails to state valid municipal or official capacity claims against these answering defendants and said claims (to the extent any exist in the Complaint) should be dismissed.

Even if plaintiff has stated sufficient facts to show that these answering defendants, or any other employee or agent of the Town of Princeville, acted under color of state law, which is denied; plaintiff's Complaint is still insufficient as a matter of law as to these answering defendants on the grounds that it fails to state any valid municipal or official capacity claims against the Town of Princeville or William Anthony Barnes in his *official* capacity.[2]

In order to assert a valid constitutional claim against the Town of Princeville and its officials, plaintiff must allege that the actions of which he complains in this case resulted from a constitutionally invalid policy, custom, or practice by Princeville and its officials, or that the Town and its officials were deliberately indifferent concerning the training and supervision of its employees. City of Canton v. Harris, 489 U.S. 378, 388 (1989); Monell v. Dept. of Social Services of New York, 436 U.S. 658, 691 (1978). It is not enough for plaintiff to state only that he was subjected to alleged wrongful conduct at the hands of a Town employee. "The doctrine of *respondeat superior* as a basis of liability [in a municipal Section 1983 claim] has been expressly rejected by the courts." Wellington v. Daniels, 717 F.2d 932, 935 (4th Cir. 1983) (citations omitted).

---

[2] Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985). The Fourth Circuit has held that official capacity claims are essentially the same as a claim against the entity. Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004).

Regarding official policies and customs, plaintiff must assert and ultimately prove that the alleged unconstitutional conduct complained of was *caused* by an *unconstitutional* official policy or custom. Id. In Spell v. McDaniel, 824 F.2d 1380, 1385-1386 (4th Cir. 1987), the Court states that liability exists only when the municipality and its officials take action under an official policy which violates another individual's constitutional rights. In Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999), the Court states that the "[t]he challenged policy or custom cannot merely be the abstract one of violating citizens' constitutional rights." Id. Instead, "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." Id.

Where alleged omissions of a supervisor are at issue (such as wrongful training and supervision), deliberate indifference must be shown. In Wellington, the Court states: "[S]uch omissions are actionable only if they constitute 'tacit authorization' of or 'deliberate indifference' to constitutional injuries." Wellington, 717 F.2d at 936. The courts have ruled that knowledge and liability will be imputed to a supervisor or official "only in those situations in which there is a history of widespread abuse." Id. "A single act or isolated incidents are normally insufficient to establish supervisory inaction upon which to predicate § 1983 liability." Id. In Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), the Court elaborates as follows:

> The plaintiff, of course, assumes a heavy burden of proof in supervisory liability cases. . . . Ordinarily, he cannot satisfy his burden of proof by pointing to a single incident or isolated incidents, for a supervisor cannot be expected to promulgate rules and procedures covering every conceivable occurrence within the area of his responsibilities. Nor can he reasonably be expected to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct. A supervisor's continued inaction in the face of documented widespread abuses, however, provides an independent basis for finding he either was deliberately indifferent or

>     acquiesced in the constitutionally offensive conduct of his subordinates.

Id. at 373 (citations omitted).

Here, plaintiff does not allege valid municipal or official capacity claims against any of the answering defendants herein under any theory noted above. No allegations are contained in plaintiff's Amended Complaint which state or forecast a claim that the Town of Princeville or its officials (including defendant Barnes in his *official* capacity) were deliberately indifferent in the training or supervision of any officers. No allegations are set forth in the Complaint regarding wrongful hiring, training, or supervision at all – let alone allegations which rise to the level of deliberate indifference.

There, likewise, are no allegations of widespread unconstitutional practices or customs by the Town of Princeville and its officials involving the alleged unconstitutional acts at issue in this case. The only alleged (but denied) unconstitutional act referred to in the Complaint is the alleged wrongful sale of plaintiff's vehicle. Plaintiff does not refer to any other incidents, practices, or patterns in the Complaint. Plaintiff also fails to assert or state any facts which would support any argument or claim that the alleged constitutional violation at issue in this case was caused by or resulted from an official policy.

Plaintiff's Complaint is completely void of any facts or allegations which would support official capacity claims against the Town of Princeville or its officials. In Carter v. Morris, 164 F.3d 215, 218 (4th 1999), the Court states: "Thus, a plaintiff cannot rely upon scattershot accusations of unrelated constitutional violations to prove either that a municipality was indifferent to the risk of her specific injury or that it was the moving force behind her deprivation." In City of Canton v. Harris, 489 U.S. 378, 391 (1989), the Court states: "[T]he identified deficiency . . . must be closely related to the ultimate injury."

Based upon plaintiff's failure to sufficiently assert valid federal constitutional claims of any kind against these answering defendants, including municipal or official capacity claims, plaintiff's federal claims against the Town of Princeville and defendant Barnes in his official capacity should be dismissed. For all of the reasons set forth herein, plaintiff's Complaint also fails to state any valid state claims against these defendants. In the event that the Court should find that plaintiff has asserted valid state claims against these defendants, which is strenuously denied, defendants request that said claims be dismissed based upon lack of federal / subject matter jurisdiction as no valid federal claims have been asserted in this case.

## CONCLUSION

For the reasons set forth above, defendants respectfully request that plaintiff's Amended Complaint, and all claims therein against these answering defendants, be dismissed pursuant to Rule 12(b)(6) and 12(b)(2) of the Federal Rules of Civil Procedure.

This the 18th day of June, 2014.

CRANFILL SUMNER & HARTZOG LLP

BY: /s/ Kari R. Johnson
KARI R. JOHNSON
State Bar No. 16033
E-mail: krj@cshlaw.com
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: (919) 828-5100
Facsimile: (919) 828-2277
*Attorneys for Defendants Princeville Police Department, Town of Princeville, and William Anthony Barnes in his Official Capacity*

# CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2014, I electronically filed the foregoing *Memorandum of Law in Support of Defendants' Motion to Dismiss* with the Clerk of Court using the CM/ECF system which will send notice to the following counsel of record:

> Matthew W. Buckmiller
> Stubbs & Perdue, P.A.
> 9208 Falls of Neuse Rod, Suite 111
> Raleigh, North Carolina 27615
> E-mail: mbuckmiller@stubbsperdue.com
> *Attorneys for Defendants Jesse Vann White and White's Wrecking Service, Inc.*
>
> Kevin M. O'Brien
> Nathan A. Huff
> Phelps Dunbar LLP
> 4140 Park Lane Avenue, Suite 100
> Raleigh, North Carolina 27612
> E-mail: obrienk@phelps.com
> E-mail: nathan.huff@phelps.com
> *Attorneys for Defendants Jesse Vann White and White's Wrecking Service, Inc.*
>
> Scott C. Hart
> Sumrell, Sugg, Carmichael, Hicks & Hart P.A.
> Post Office Box 889
> 416 Pollock St.
> New Bern, North Carolina 28563
> E-mail: shart@nclawyers.com
> *Attorney for Defendants Donyell Weaver*

I also hereby certify that on June 18, 2014, I placed a copy thereof in the United States Mail addressed to the following non CM/ECF filer:

> Thomas Everette, Jr., 0876887
> Hyde Correctional Institution
> P.O. Box 278
> Swan Quarter, NC 27885
> *Pro se Plaintiff*
>
> Dianna Lee Draughn
> 305 W. 10th Street
> Scotland Neck, North Carolina 27611
> *Defendant*

Respectfully, submitted by:

/s/ Kari R. Johnson
KARI R. JOHNSON
State Bar No. 16033
E-mail: krj@cshlaw.com
CRANFILL SUMNER & HARTZOG LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: (919) 828-5100
Facsimile: (919) 828-2277
*Attorneys for Defendants Princeville Police Department, Town of Princeville, and William Anthony Barnes in his Official Capacity*