UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
FILE NO. 4:14 CV 34-FL

| | |
|---|---|
| THOMAS EVERETTE, JR., )<br>                Plaintiff, )<br>                )<br>                )<br>     vs.            )<br>                )<br>JESSE VANN WHITE, in his individual and)<br>official capacity, WHITE'S WRECKING )<br>SERVICE, INC., WILLIAM ANTHONY )<br>BARNES, in his individual and official )<br>Capacity, PRINCEVILLE POLICE )<br>DEPARTMENT, TOWN OF )<br>PRINCEVILLE, DIANA LEE DRAUGHN, )<br>in her individual capacity, DONYELL )<br>WEAVER, )<br>                Defendants. ) | **MEMORANDUM IN SUPPORT OF<br>MOTION TO DISMISS IN LIEU<br>OF ANSWER** |

NOW COMES Defendant Donyell Weaver ("Weaver" or "Defendant"), by and through undersigned counsel, by and through the undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby respectfully submits this memorandum in support of his Motion to Dismiss, filed contemporaneously herewith, in lieu of an answer.

## STATEMENT OF THE CASE

This case was initiated by the filing of a *pro se* Complaint on or about March 4, 2014 [DE 1], alleging claims in violation of Plaintiff's constitutional rights. This Court conducted its frivolity review on April 1, 2014 [DE 5], and allowed Plaintiff's claims against all defendants to proceed. On May 28, 2014, Defendants Jesse Van White and White's Wrecking Service, Inc. filed a motion to dismiss [DE 43] and memorandum in support thereof [DE 44]. On June 18, 2014, Defendants Princeville Police Department, Town of Princeville, and William Anthony Barnes in his official

capacity filed a motion to dismiss [DE 59] and memorandum in support thereof [DE 60]. Weaver has filed a Motion to Dismiss in lieu of an Answer [DE 65] simultaneously herewith, and this memorandum is respectfully submitted in support of that Motion.[1]

## STATEMENT OF THE FACTS

According to the Complaint [DE 24], Plaintiff asserts that on or around July 4, 2012, Defendant Jesse Van White ("White"), owner and operator of Defendant White's Wrecking Service, Inc. ("WWS"), towed Plaintiff's vehicle. Plaintiff asserts that the vehicle was being driven by another individual and was towed following a "roadblock" wherein the driver was unable to provide proof of insurance. Plaintiff asserts that on September 26, 2012, the vehicle was sold by White to Defendant William Anthony Barnes ("Barnes"), an officer with the Princeville Police Department, without Plaintiff's authorization or knowledge. Thereafter, Plaintiff asserts that Barnes forged title documents in an attempt to "re-title" Plaintiff's vehicle to Barnes. Plaintiff further contends that Barnes conspired with Defendant Diana Lee Draughn ("Draughn"), a notary, to falsify said title documents. Plaintiff also contends that Weaver, in his role as a "Deputy Sheriff," was aware the purported acts of Barnes and failed to report or disclose them.

## ARGUMENT

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. To survive a motion to dismiss a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Under Rule 12(b)(6), claims based on dispositive issues of law can be dismissed. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). A 12(b)(6) motion can be granted as a matter of law if "it

---

[1] Various other motions and memoranda have been filed by the parties relating to issues not relevant to the present Motion, and thus are not set forth in detail in this Statement of the Case.

is clear that no relief could be granted under any set of facts that could prove consistent with the allegations." *Id*. In an action brought pursuant to 42 U.S.C. §1983, a motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6) should be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

### I. Plaintiff has failed assert sufficient facts to state a valid constitutional claim against Weaver.

Plaintiff specifically asserts that Weaver "did not participate in the crime" alleged. [DE 24]. Plaintiff's sole allegation in his Complaint against Weaver is that Weaver knew of the "crime" yet failed to report or disclose it [DE 24]. However, this allegation is not sufficient to state a valid constitutional claim against Weaver.

In general, whether a complaint sufficiently states a claim upon which relief can be granted is governed by the Supreme Court's plausibility pleading framework. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Twombly*, 550 U.S. at 570 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a "pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), tests "the sufficiency of a complaint," and "importantly, does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178

F.3d 231, 243–44 (4th Cir. 1999) (*quoting Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). In conducting its review, the Court "will construe factual allegations in the non-moving party's favor and will treat them as true, but the [C]ourt is not bound by the [C]omplaint's legal conclusions." *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (*citing Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991)). To survive a Rule 12(b)(6) motion to dismiss, the facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level and must provide enough facts to state a claim to relief that is plausible on its face." *Id*. (*quoting Twombly*, *supra*). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)(*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). Therefore, a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Id*.

While Plaintiff need not establish a prima facie case at this stage, *Iqbal* and *Twombly* require more than claims from which mere possibility can be inferred; they require facts showing plausibility. *Alexander v. City of Greensboro*, 762 F.Supp.2d 764, 782 (M.D.N.C. 2011). Additionally, the Fourth Circuit has found that "§1983 complaints which on critical elements of a claim merely recite legal conclusions "wholly devoid of facts," may properly be dismissed for insufficiency of statement." *Revene v. Charles Cnty Comm'rs*, 882 F.2d 870, 875 (4th Cir. 1989).

While not alleged specifically, Plaintiff appears to assert in this limited allegation that Weaver's purported failure to act constitutes a constitutional violation under the theory of

4

"bystander liability." While generally an officer can only be liable under § 1983 for affirmative conduct, the Fourth Circuit found in *Randall v. Prince George's County, Md.*, 302 F.3d 188, 203-04 (4th Cir. 2002), that in certain situations, police officers can be liable for failing to act. For bystander liability to attach, the plaintiff must demonstrate that the bystander officer (1) knew that another officer was violating the plaintiff's constitutional rights, (2) had a reasonable opportunity to prevent the other officer from committing the violation, and (3) chose not to act. *Id*. at 204. However, in the present case, Plaintiff's Complaint does not contain sufficient allegations to proceed beyond dismissal.

Here, Plaintiff's bare allegations that Weaver "being a Deputy Sheriff who knew what was going on and fail [sic] to report or file a complaint…in violation of the North Carolina and United State [sic] Constitution [sic]" are insufficient to state a claim. [DE 24]. Plaintiff does not indicate how or why Weaver "knew what was going on," whether Weaver was present when the vehicle was initially seized, or whether Weaver was present when Barnes later purchased the vehicle from White. Plaintiff also does not indicate whether Weaver had any knowledge of the alleged false title documents. It is also not clear in the Complaint whether Plaintiff contends that Weaver should have been aware of the acts of which Plaintiff complains merely because of his position as a law enforcement officer, generally, or whether Weaver was aware of the specific incident at issue in the present case. Furthermore, Plaintiff does not specifically allege that Weaver knew that Barnes was violating Plaintiff's constitutional rights, that Weaver had a reasonable opportunity to prevent Barnes from committing the violation, or that Weaver chose not to act, as set forth in *Randall, supra*. Instead, Plaintiff offers only the naked assertion and legal conclusion that Weaver caused a constitutional injury. Without more, Plaintiff has failed to

5

state a claim for bystander liability, or any other constitutional claim against Weaver.

In addition, Plaintiff cannot establish that Weaver had any authority to act. Plaintiff states in his Complaint that the vehicle was towed pursuant to "order of Tarboro Police Dept." Tarboro, as Plaintiff indicates, is located in Edgecombe County. [DE 24, p 3]. At the time of the incident, Weaver was employed as a deputy with the Pitt County Sheriff's Department. *Id*. Assuming without admitting Weaver knew of the acts Plaintiff complains of, Weaver, as a Pitt County Deputy, was certainly outside of the territorial jurisdiction of Edgecombe County. See, e.g. N.C. Gen. Stat. §15A-502. Thus, Weaver had no authority to act to prevent the constitutional violations alleged in the present case.

Given all of the above, Plaintiff has failed to sufficiently state a claim against Weaver for relief and his claims should therefore be dismissed.

**II. Plaintiff has failed assert sufficient facts to state a valid constitutional claim against the remaining Defendants.**

Notwithstanding the above, Plaintiff has also failed to assert sufficient facts to state a valid constitutional claim against the remaining Defendants. As a result, no violation can be attributed to Weaver under the theory of bystander liability. In support of this argument, Weaver respectfully directs this Court's attention to the memoranda of law filed by the remaining Defendants in support of their motions to dismiss, and incorporates the arguments contained therein herein. [DE 44, 60].

## **CONCLUSION**

For the above reasons, Defendant Donyell Weaver respectfully requests that Plaintiff's claims against him be dismissed and his Motion to Dismiss be granted.

Respectfully submitted this 2nd day of July, 2014.

>By: /s/Scott C. Hart
>State Bar No. 19060
>/s/Anakah D. Harrison
>State Bar No. 35329
>Attorneys for Defendant
>Sumrell, Sugg, Carmichael, Hicks & Hart, P.A.
>Post Office Drawer 889
>New Bern, North Carolina 28563
>Telephone: (252) 633-3131
>E-mail: shart@nclawyers.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS IN LIEU OF ANSWER** was electronically filed with the Clerk of Court using the CM/ECF System and mailed by First-Class Mail, postage prepaid, to Plaintiff at his last known address:

>Thomas Everette, Jr., Inmate
>c/o Hyde Correctional Institution
>Post Office Box 278
>Swan Quarter, NC  27885

I further certify that a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

>Matthew Buckmiller, Esq.
>575 Military Cutoff Rd., Suite 106
>Wilmington, NC  28405
>
>Kevin Michael O'Brien, Esq.
>4140 Park Lake Avenue, Suite 100
>Raleigh, NC  27612
>
>Kari R. Johnson, Esq.
>Post Office Box 27808
>Raleigh, NC  27611-7808

This the 2nd day of July, 2014.

>By:   /s/Scott C. Hart
>State Bar No. 19060
>Attorneys for Defendant
>Sumrell, Sugg, Carmichael, Hicks & Hart, P.A.
>Post Office Drawer 889
>New Bern, North Carolina  28563
>Telephone: (252) 633-3131
>Fax:  (252) 633-3507
>E-mail:  shart@nclawyers.com

\\SERVER04\lssdocs\00000017\00051549.000.DOCX