IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:14-CV-34-FL

| | | |
|---|---|---|
| THOMAS EVERETTE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JESSE VANN WHITE, in his | ) | |
| individual and official capacity; | ) | |
| WHITE'S WRECKING SERVICE, | ) | |
| INC.; WILLIAM ANTHONY | ) | |
| BARNES, in his individual and official | ) | |
| capacity; PRINCEVILLE POLICE | ) | |
| DEPARTMENT; TOWN OF | ) | |
| PRINCEVILLE; DIANA LEE | ) | |
| DRAUGHN in her individual capacity; | ) | |
| and DONYELL WEAVER, | ) | |
| | ) | |
| Defendants. | ) | |

In this action initiated by complaint filed March 4, 2014, wherein plaintiff proceeds *pro se*,

plaintiff complains of the alleged illegal disposition of his 2003 BMW motor vehicle VIN

745LIWBAGN63493DR09415, seized by the Tarboro Police Department on or about July 4, 2012,

and sold on or about September 26, 2012, pursuant to a storage lien by or on behalf of White's

Wrecking Service, Inc., to William Anthony Barnes ("Barnes"), of the Princeville Police

Department. He brings this suit, furthered by amended complaint filed April 29, 2014, subsequent

to favorable decision upon review of his application to proceed without prepayment of fees, against

those involved in the alleged illegal seizure and sale of the subject motor vehicle, and fraudulent

titling in the name of Barnes. A number of motions are now ripe for ruling, others still ripening, as set forth below.

BACKGROUND

In tandem with the filing of the amended complaint April 29, 2014, plaintiff gave notice of his first request for production of documents upon defendants. (DE 25). Thereafter, a motion was filed May 28, 2014, on behalf of defendants Jesse Vann White and White's Wrecking Service, Inc. to dismiss for failure to state a claim or, in the alternative, for a more definite statement. (DE 43).

On June 6, 2014, these same defendants filed a motion to stay entry of a scheduling order and stay discovery. (DE 48). On June 9, 2014, defendants Jesse Van White and White's Wrecking Service, Inc. also filed a motion to strike plaintiff's request for production of documents or, in the alternative, for a protective order staying any response until after issuance of a scheduling order, for similar reasons. (DE 50).

On June 16, 2014, plaintiff moved for an order pursuant to Rule 37(a) of the Federal Rules of Civil Procedure against non-party Edgecombe County District Attorney's Office, wherein he seeks various documents including statements of defendants, the victim, and others, as well as any criminal records relating to defendants, all as itemized in a separate request for production. (DE 53). Shortly thereafter, on June 18, 2014, plaintiff filed another motion to compel discovery, directed against defendants Jesse Vann White and White's Wrecking Service, Inc., wherein he also seeks the sum of $750.00 as his reasonable expenses. (DE 56).

Also pending is a motion for protective order and to stay discovery by defendants Barnes, the Princeville Police Department, and the Town of Princeville, filed June 30, 2014, on which date these defendants served their objections to plaintiff's first request for production of documents. (DE 63).

2

Defendants Barnes, the Princeville Police Department, and the Town of Princeville request a protective order quashing plaintiff's discovery attempt as untimely, and a stay of discovery until their motion to dismiss, now ripening, is ruled upon.

There are two motions to dismiss now ripening. In addition to the motion to dismiss on the part of defendants Barnes,[1] the Princeville Police Department, and the Town of Princeville, (DE 59), there is a motion to dismiss now pending on behalf of defendant Donyell Weaver. (DE 65). As to the remaining defendant, Diana Lee Draughn, service is outstanding.

## DISCUSSION

In this order the court takes up all the discovery motions.[2] Turning first to plaintiff's motion for an order compelling the Edgecombe County District Attorney's Office to respond to requests for production of documents, reference is made to Rule 34, which by its terms speaks only to production by another party. The Edgecombe County District Attorney's Office is not a party to this action. Therefore, plaintiff's motion to compel is DENIED.[3]

Defendants Jesse Van White and White's Wrecking Service have filed a motion to strike plaintiff's request for production of documents or, in the alternative, for a protective order staying any response until after issuance of a scheduling order, (DE 50), which has been met by plaintiff's motion to compel discovery, directed against these defendants. (DE 56). Because the court will stay

---

[1] As to this defendant, the scope of representation provided is sought to be limited to Barnes's official capacity, where counsel notes its appearance is so limited. Reference to Barnes by counsel in the pleadings suggests he no longer is in the employee of the police department.

[2] Decision on defendants Jesse Vann White and White's Wrecking Service, Inc.'s motion to dismiss for failure to state a claim or, in the alternative, for a more definite statement, is held in abeyance pending ripening of other defendants' motions to dismiss.

[3] Rule 45 of the Federal Rules of Civil Procedure addresses the process of obtaining information from a non-party.

the action pending decision on the motions to dismiss, defendants' alternative request for stay until after issuance of a scheduling order, is ALLOWED. The court DENIES as MOOT plaintiff's motion to compel.

Defendants Jesse Van White, White's Wrecking Service, Inc., Barnes, the Princeville Police Department, and the Town of Princeville all seek a stay of discovery until their motions to dismiss are ruled upon. (DE 48, 63). Defendant Donyell Weaver also is the subject of plaintiff's early efforts to obtain discovery. While this defendant has filed a motion to dismiss, Donyell Weaver has not separately presented any issue in discovery nor is this defendant the subject of any motion by plaintiff.

The court already has previewed its ruling on these motions. Where the pleadings and the parties are not yet fixed, the court stays progress of the case including discovery pending decision on defendants' motions to dismiss. Defendants are on notice of what discovery this plaintiff seeks. They are required to preserve and maintain all discoverable information in the case.

## CONCLUSION

Based on the foregoing:

1.  Plaintiff's motion for an order compelling the Edgecombe County District Attorney's Office to respond to requests for production of documents is DENIED.

2.  Defendants Jesse Van White and White's Wrecking Service's motion to strike plaintiff's request for production of documents or, in the alternative, for a protective order staying any response until after issuance of a scheduling order is GRANTED in its alternative part.

4

3.     Plaintiff's motion to compel discovery, directed against these defendants is DENIED

       as MOOT.

4.     Motions of defendants Jesse Van White, White's Wrecking Service, Inc., Barnes, the

       Princeville Police Department, and the Town of Princeville seeking a stay of

       discovery until their motions to dismiss are ruled upon are ALLOWED.

4.     Motions to dismiss remain for ruling.  The clerk shall refer all three of these motions

       pending when the last one has ripened.

SO ORDERED, this the 22nd day of July, 2014.


_____
LOUISE W. FLANAGAN
United States District Court Judge