IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:14-CV-34-FL

| | |
|---|---|
| THOMAS EVERETTE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JESSE VANN WHITE; WHITE'S | ) |
| WRECKING SERVICE, INC.; | ) |
| WILLIAM ANTHONY BARNES; | )   ORDER |
| PRINCEVILLE POLICE | ) |
| DEPARTMENT; TOWN OF | ) |
| PRINCEVILLE; DIANA LEE | ) |
| DRAUGHN; and DONYELL | ) |
| WEAVER, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

This matter is before the court on a plethora of motions in the case, initiated by the *pro se* plaintiff in complaint filed March 4, 2014. These include motions variously filed between May and July, 2014, including: 1) a motion to dismiss or, alternatively, a motion for a more definite statement by defendants Jesse Vann White ("White") and White's Wrecking Service, Inc. ("White's Wrecking") (DE 43); 2) a motion to dismiss by defendants Princeville Police Department ("Princeville PD"), Town of Princeville ("Town") and William Anthony Barnes ("Barnes") (DE 59); and 3) a motion to dismiss by defendant Donyell Weaver ("Weaver") (DE 65). Collectively, these named defendants are referred to as the "Moving Defendants". Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr.

entered a memorandum and recommendation ("M&R"), (DE 83), wherein it is recommended that Moving Defendants' motions be granted under Rule 12(b)(6), to which plaintiff timely filed objections to the M&R. Two other later filed motions also are before the court, including: 1) plaintiff's motion for summary judgment (DE 78); and 2) plaintiff's motion to supplement his motion for summary judgment (DE 84). In this posture, the issues raised on the five motions now pending are deemed ripe for review.

For the reasons stated below, the court denies plaintiff's motions, adopts the recommendation of the magistrate judge, and grants Moving Defendants' motions to dismiss. In addition, the court addresses a service issue involving defendant Barnes, in his individual capacity.

## STATEMENT OF THE CASE

Plaintiff, an inmate at Hyde Correctional Institution, commenced this action by filing a complaint March 3, 2014. Order issued April 1, 2014, holding that plaintiff's complaint would survive frivolity review. A second order issued April 10, 2014, granting plaintiff's motion to amend his complaint, and plaintiff timely filed an amended complaint alleging violations of the constitutions of the United States and North Carolina.

Plaintiff alleges that, on or around July 4, 2012, defendant White, the owner and operator of defendant White's Wrecking, towed plaintiff's 2003 BMW (the "Vehicle"). Plaintiff alleges that he had given consent to Brian L. Perry ("Perry") to drive the Vehicle, and that the Vehicle was towed by order of the Tarboro Police Department after Perry "went thru a road block and didn't have proof of Insurance. [sic]" (Am. Compl., 3). After the Vehicle was towed to defendant White's Wrecking, defendant White did not attempt to notify plaintiff or the North Carolina Department of Motor Vehicles ("DMV"). Instead, on or around September 26, 2012, White sold the Vehicle to

2

defendants Barnes and the Princeville PD. Plaintiff alleges that the sale did not follow the proper procedures set by the Commissioner of the DMV or the clerk of Edgecombe County Superior Court.

Plaintiff alleges that, on or around October 23, 2012, through November 5, 2012, defendant Barnes then obtained and forged a North Carolina Certificate of Title for plaintiff's Vehicle, and submitted a forged application to complete the registration process to re-title plaintiff's Vehicle. While the Vehicle was in the property of White or Barnes, it was further damaged when sugar, oil, and water were put in the gas tank and engine.

Plaintiff alleges that defendant Diana Lee Draughn ("Draughn") conspired with defendant Barnes "who act[ed] under color of law." (Id. 4). He alleges that defendant Draughn notarized a title application for defendant Barnes "without having witnessed [plaintiff's] signature." (Id.). Furthermore, defendants Barnes and Draughn conspired to "commit the felony of title fraud" against plaintiff. (Id.). On or around September 26, 2012, defendant Weaver conspired with defendant Barnes because, although defendant Weaver "did not participate in the crime," he "knew what was going on and fail[ed] to report or file a complaint." (Id.).

Plaintiff seeks declaratory and injunctive relief and a constructive trust against the bank accounts and property of all defendants, along with compensatory damages of $75,000 against each defendant, and punitive damages of $150,000 against all defendants.

Defendants White and White's Wrecking filed their motion to dismiss on May 28, 2014. Defendant Barnes, in his official capacity, along with defendants Princeville PD, and the Town, filed their motion on June 18, 2014. Defendant Weaver filed his motion on July 2, 2014. Plaintiff responded separately to each motion. Defendants Barnes, the Princeville PD, and the Town replied on July 22, 2014. That same day, the court issued order on a number of discovery motions that had

3

been filed by both plaintiff and defendants, denying motions to compel filed by plaintiff, and staying "progress of the case including discovery pending decision on defendants' motions to dismiss." (DE 71, at 4) ("July 2014 Order").

Draughn eventually was served and filed her answer August 18, 2014, the sum and substance of which is the statement "In regards to the complaint that the plaintiff Thomas Everette, Jr. filed on 04/01/2014, I Diana Lee Draughn at this time I am not at liberty to confirm of deny any involvement in this matter." Service as to Barnes was complicated by the fact of representation being through counsel for the Town related defendants only in Barnes's official capacity. There is not return in the record evidencing service ever was made on Barnes; however, counsel acted for Barnes in this matter in his official capacity.

The court referred the motions to dismiss to the magistrate judge and on January 16, 2015, the magistrate judge issued the M&R recommending dismissal. Following the court's July 2014 Order and the issuance of the M&R, plaintiff filed a motion for summary judgment on December 18, 2014 (DE 78). Plaintiff submitted a motion to supplement that motion for summary judgment on January 26, 2015 (DE 84).

## DISCUSSION

A. Motions for Summary Judgment and to Supplement Motion for Summary Judgment

As an initial matter, plaintiff's motions for summary judgment and to supplement his motion for summary judgment were submitted in violation of the court's July 22 Order placing a stay on progress of this case pending resolution of the instant motions to dismiss. Accordingly, plaintiff's motions are denied as untimely.

B. Motions to Dismiss

4

1.  Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A court considering a motion to dismiss for failure to state a claim must view the allegations in the light most favorable to the non-moving party. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir.1997). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the factual content necessary to survive a motion to dismiss, the court does not consider "legal conclusions, elements of a cause of action . . . bare assertions devoid of further factual enhancement[,] . . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir.2009) (quotation marks and citations omitted). When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007)

(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir.1994). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555).

    2.    Analysis

The magistrate judge recommended that the court dismiss the claims asserted against the Moving Defendants, for failure to state a claim under Rule 12(b)(6). Specifically, the magistrate judge construed plaintiff's complaint to assert causes of action arising under the Fourteenth Amendment to the United States Constitution, and implicating 42 U.S.C. § 1983's imposition of liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The magistrate judge found that plaintiff's claims against defendants White and White's Wrecking were premised on those defendants actions in the sale of the Vehicle, rather than the Vehicle's seizure.

With respect to these actions, the magistrate judge determined that plaintiff failed to allege facts that White acted under color of state law. The magistrate judge further recommended dismissal of claims against defendant Princeville PD because that entity cannot be sued under North Carolina law. The magistrate judge found that plaintiff failed to allege any basis for the Town's municipal liability, or to make any specific factual allegations against the Town at all, and therefore recommended that claims against the Town be dismissed. He also recommended that the allegations against defendant Barnes in his official capacity should be dismissed as duplicative of allegations against the Town. The magistrate judge found that the allegations against defendant Weaver were

6

insufficient to state a plausible claim of bystander liability because they did not include facts allowing an inference that defendant Weaver could have evaluated Barnes' conduct.

To the extent plaintiff's claims could be construed as an attempt to assert a cause of action for conspiracy under 42 U.S.C. § 1985, the magistrate judge found plaintiff's conspiracy claim lacked sufficient factual allegations of conspiracy. Finally, the magistrate judge found plaintiff's claims under the North Carolina Constitution fail because a direct constitutional claim requires there be no adequate remedy at common law or under a state statute. Because the tort of conversion is available to remedy plaintiff's allegations against Moving Defendants, the magistrate judge recommended dismissal of plaintiff's claim under the North Carolina Constitution.

Plaintiff's objections largely consist of general and conclusory statements that the complaint satisfies the Rule 12(b)(6) standards. His only specific objection is that the magistrate judge failed to analyze whether plaintiff has sufficiently stated a claim for violation of the Due Process Clause under the Fifth Amendment to the United States Constitution. However, the Fifth Amendment's Due Process Clause applies only to federal actors. Winfield v. Bass, 106 F.3d 525, 530, n.2 (4th Cir. 1997). Plaintiff does not allege any federal involvement in this case.

Because plaintiff's only specific objection lacks merit, and because the court finds no clear error in the remainder of the M&R, it will adopt the findings and recommendations of the magistrate judge.

C.    Service on Defendant Barnes

Having addressed the M&R, claims remain against defendants Barnes, individually, and Draughn. The summons, complaint and amended complaint were returned unserved as to defendant Barnes (DE 26, 55). The record shows that the United States Marshal Service attempted service via

7

certified mail, but the package was returned as unclaimed. (Id.). Accordingly, the United States Marshal Service is ordered to effect service by delivering a copy of the summons, the complaint, the amended complaint, the orders directing service by the Unites States Marshal (DE 5, 8), and this order personally upon defendant Barnes. Fed. R. Civ. P. 4(c)(3); 4(e)(2)(A). The court hereby extends plaintiff's time to obtain service on defendant Barnes pursuant to Rule 4(m) to April 26, 2015.

## CONCLUSION

Based on the foregoing, the court DENIES plaintiff's motions for summary judgment (DE 78) and to supplement his motion for summary judgment (DE 84). Upon *de novo* review of those portions of the M&R to which objections were raised, and upon considered review of the remaining portions of the M&R as well as the record in this case, the court ADOPTS the recommendation of the magistrate judge as set forth herein. Defendants' motions to dismiss (DE 43), (DE 59), (DE 65), are GRANTED. This case remains against Barnes, in his individual capacity, and Draughn as well.

The United States Marshal Service is DIRECTED to effect service by delivering a copy of the summons, the complaint, the amended complaint, the orders directing service by the United States Marshal (DE 5, 8), and this order personally upon defendant Barnes. Plaintiff's time to obtain service on defendant Barnes is extended, pursuant to Rule 4(m), to April 26, 2015.

The clerk is DIRECTED to continue management of this case.

SO ORDERED, this the 26th day of February, 2015.

LOUISE W. FLANAGAN
United States District Court Judge

8